UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JAMES WATSON,

    Plaintiff,

v.

BRASS TAP FRANCHISOR, LLC and
CRAFTMADE PEMBROKE, LLC

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff James Watson hereby sues Defendant Brass Tap Franchisor, LLC and Defendant Craftmade Pembroke, LLC and for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

    1.    Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

    2.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

    3.    Plaintiff James Watson ("Plaintiff") is a Florida resident, lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. §§ 12102(1)-(2), the

regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4. Plaintiff uses the internet and a mobile device to help him navigate a world of goods, products and services like the sighted. The internet, websites and mobile applications provide him a window into the world that he would not otherwise have. He brings this action against Defendants for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired.

5. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6. Defendant Craftmade Pembroke, LLC (also referenced as "Defendant Craftmade" or collectively with Defendant Brass Tap Franchisor, LLC as "Defendants") is a Florida limited liability company which is the owner and operator of a "The Brass Tap Craft Beer Bar" (brand) craft beer bar and restaurant which is located within this district and is open to the public. Defendant Craftmade is defined as a "Public Accommodation" within meaning of Title III because Defendant Craftmade is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

7. Defendant Craftmade's The Brass Tap Craft Beer Bar is located at 624 SW 146

Terrace Pembroke Pines, Florida 33027 and because it is open to the public, it is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). Defendant Craftmade's The Brass Tap Craft Beer Bar restaurant is referenced herein as "place of public accommodation," "Brass Tap Pembroke (restaurant)," or "restaurant."

8. Defendant Brass Tap Franchisor, LLC (a Delaware corporation)[1] (also referenced as "Defendant Brass Tap Franchisor" or collectively with Defendant Craftmade as "Defendants") is a franchisor of "The Brass Tap Craft Beer Bar" (brand) beer bar restaurants which specialize in offering 200 varieties of craft beer (daily) at each of its franchised beer bar restaurant locations. The Brass Tap Craft Beer Bar brand was created in 2007 and the creators of The Brass Tap Craft Beer Bar brand beer bar restaurant concept (through the entity Defendant Brass Tap Franchisor (or its predecessors)), have franchised forty-one Brass Tap beer bar restaurants in fourteen states[2], which include five Brass Tap franchise restaurants in Florida including the Brass Tap Pembroke restaurant which is the subject of this instant action.

9. On information and belief, Defendant Brass Tap Franchisor is the owner and/or operator of the https://www.brasstapbeerbar.com mobile website (hereinafter "mobile website"), which promotes all of "The Brass Tap Craft Beer Bar" franchised beer bar restaurants (hereinafter referenced as "Brass Tap restaurant(s)") as well as the Brass Tap Pembroke franchise restaurant.

10. On information and belief and subsequent to the effective date of the ADA, Defendant Brass Tap Franchisor constructed, or caused to be constructed, the mobile website for the benefit of all of "The Brass Tap Craft Beer Bar" franchised restaurants (and specifically for

---

[1] This Delaware corporation is authorized to transact business in the State of Florida as a foreign limited liability company.
[2] https://www.franchisegrade.com/franchises/brass-tap, as of 2020 FDD reporting.

the benefit and use of Defendant Craftmade's Brass Tap Pembroke restaurant) with the intent that the general public access the https://www.brasstapbeerbar.com mobile website on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to the Brass Tap Pembroke restaurant. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at Brass Tap restaurant physical locations, and with particularity, the Brass Tap Pembroke restaurant.

11. The mobile website is offered as a way for the public to become familiar with the Brass Tap Pembroke restaurant menu selections, as well as information on the Brass Tap Pembroke restaurant location (directions on navigating to the restaurant) and hours of operation. The mobile website also provides a link so the public can order food online for curbside pickup at the restaurant location, and provides other information Defendants seek to communicate to the public. The mobile website also links to The Brass Tap Facebook and Instagram pages and allows the public to purchase gift cards online for exclusive use at Brass Tap restaurant locations (including the Brass Tap Pembroke location). By the provision of menu selection, food delivery options, and the ability to purchase gift cards online (for use at Brass Tap restaurants) the mobile website is an integral part of the goods and services offered at Brass Tap restaurants and specifically at the Brass Tap Pembroke restaurant location. By this nexus, the mobile website is characterized as a service, of a Place of public accommodation to Title III of the ADA[3], 42 U.S.C. §§ 12181(7)(B) & (E)

---

[3] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice. The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance. The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

and 28 C.F.R. §§ 36.104(2) & (5).

12.     As the owner and operator of the mobile website and as the franchisor of the Brass Tap Pembroke restaurant franchise (and therefore a beneficiary of the services provided by the mobile website), Defendant Brass Tap Franchisor is defined as a "public accommodation" within meaning of Title III under 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

13.     The https://www.brasstapbeerbar.com mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. Defendants have subjected themselves to the ADA because the mobile website is offered as a tool to promote, advertise and sell products and services from the Brass Tap Pembroke restaurant location, which is a place of public accommodation. As a result, the mobile website must interact with the public, and in so doing must comply with the ADA, which means that the mobile website must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[4]

14.     The mobile website does not properly interact with the VoiceOver screen reader software technology in a manner that allows blind and visually impaired individuals to comprehend the mobile website and does not provide other means to accommodate blind and visually impaired individuals.

15.     Like the seeing community, Plaintiff would like the opportunity to be able to use the https://www.brasstapbeerbar.com mobile website to comprehend the Brass Tap Pembroke menu selections, and test for the ability to purchase gift cards online and to order food online for

---

[4] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

pickup at the Brass Tap Pembroke restaurant location. However, unless Defendants eliminate the access barriers at issue and change their policies so that access barriers do not reoccur, Plaintiff will continue to be denied full and equal access to the mobile website as described and will be deterred from fully using the mobile website or dining at the Brass Tap Pembroke restaurant which is located within this district.

16. Plaintiff is continuously aware of the violations on the mobile website and is aware that it would be a futile gesture to attempt to utilize that mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

17. Defendants and alike restaurants are fully aware of the need to provide full access to all visitors to the https://www.brasstapbeerbar.com mobile website as barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

18. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is his only means to secure adequate redress from Defendants' discriminatory practice.

19. Notice to Defendants is not required as a result of Defendants' failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

20. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

**COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

21. The ADA requires that Public Accommodations (and Places of Public Accommodation) ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

22. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

23. 28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

24. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

25. The https://www.brasstapbeerbar.com mobile website has been designed to integrate with the Brass Tap Pembroke restaurant by providing the means for the public to order food online and have that food available for pickup curbside at the restaurant as well as to purchase gift cards (for exclusive use at Brass Tap restaurants) online; therefore, the mobile website is an extension of Brass Tap restaurants (specifically, the Brass Tap Pembroke restaurant). By and through the mobile website, Defendants have extended Brass Tap restaurants (specifically, Brass

Tap Pembroke) into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of Brass Tap restaurants. Therefore, it is governed by the following provisions:

    a.    U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

    b.    42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

    c.    42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

    d.    42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other

8

opportunity that is as effective as that provided to others[.]"

   e. 42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

   f. 42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

   g. 42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

   h. 42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

  26. Plaintiff attempted to access and/or utilize the https://www.brasstapbeerbar.com mobile website, but was unable to, and he continues to be unable to enjoy full and equal access to the mobile website and/or understand the content therein because numerous portions of the mobile

website do not interface with VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to VoiceOver screen reader software users include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

i. Guideline 1.3.1 Info and Relationships is violated. The checkboxes in the *Beer* filter are not labeled properly. For example, the *All* checkbox is announced as "? All link."

ii. Guideline 1.3.2 Meaningful Sequence is violated. Content must be presented in a meaningful order and this is violated. The content in the *Events* calendar is not announced in an order that is meaningful to permit mobile VoiceOver screen reader software users to understand the information. Focus skips to random cells and the cells are announced without reference to row or column label. For example, all of the June dates are announced at once for the event in Column 3, mobile VoiceOver screen reader software users just hear a list of dates and cannot ascertain with which event the announced dates are paired.

iii. Guideline 2.4.3 Focus order is violated. The site is required to provide focus in a logical order and this has been violated. Focus order is non-sequential in the *Happy Hour* menu PDF. For example, when a mobile VoiceOver screen reader software user swipes to the "$7 special," that "$7 special" is announced as "78 8." Focus continues to skip from section to section without notice, so mobile VoiceOver screen reader software users cannot tell which specials pertain to which price.

iv. Guideline 3.3.1 Error Identification is violated. Elements must be labeled and given instructions, and the mobile website fails to do so. Error messages are not announced when they are displayed on the *Order* form and the *eGift* form. For example, when a mobile VoiceOver screen reader software user submits an *eGift* form without selecting a gift card image, an error message is displayed in a red banner for sighted users, but for mobile VoiceOver screen reader software users focus does not move to the error message, instead, focus moves to the page title at the top of the screen.

27. As the owner and/or operator and/or benefactor of the Brass Tap restaurant mobile website, Defendants are required to comply with the ADA and the provisions cited above. This includes an obligation to create and maintain a mobile website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the mobile website and the content therein, including the ability to order food online for curbside pickup and the ability to purchase Brass Tap gift cards online.

28. In this instant case, the https://www.brasstapbeerbar.com mobile website online food order and gift card purchase links are linked to third party vendors. The fact that a portion of

the WCAG 2.1 Level A and AA Guideline violations may be related to third party vendor platforms does not absolve Defendants of culpability. Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(b). Those requirements include a prohibition against subjecting patrons with disabilities to discrimination "through contractual, licensing, or other arrangements," such as use of third party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves).

29. With respect to the https://www.brasstapbeerbar.com mobile website, Defendants have violated the ADA by failing to interface the mobile website with VoiceOver screen reader software utilized by visually impaired individuals (as delineated within paragraph 26) either directly or through contractual, licensing or other arrangements. These violations have resulted in Defendants' joint and several denial of accommodation to Plaintiff in the basis of his disability:

a. by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

b. in the denial of providing Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

c. in failing to afford Plaintiff the opportunity to participate in or benefit from

a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

      d.    by providing Plaintiff a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others) (42 U.S.C. § 12182(b)(1)(A)(iii));

      e.    by failing to afford Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the disabled individual (42 U.S.C. § 12182(b)(1)(B));

      f.    notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying Plaintiff the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

      g.    by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

      h.    by a failure to take such steps as necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden) (42 U.S.C. §

12182(b)(2)(iii)).

30. Plaintiff is continuously aware of the violations within the mobile website and is aware that it would be a futile gesture to attempt to utilize that mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

31. Plaintiff is well aware that the ADA requires effective communications. However, long after the required date of compliance, many public accommodations refuse to comply leaving Plaintiff feeling excluded and rejected because he is disabled. As a result, Plaintiff has suffered (and continues to suffer) frustration and humiliation as the result of the discriminatory conditions present within the https://www.brasstapbeerbar.com mobile website. By continuing to operate the mobile website with discriminatory conditions, Defendants continue to contribute to Plaintiff's sense of isolation and segregation and to deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations Defendants make available to the general public. By encountering the discriminatory conditions within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a mobile website with violations, Defendants have deprived (and continue to deprive) Plaintiff the equality of opportunity offered to the general public.

32. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendants' discrimination until Defendants are compelled to comply with the requirements of the ADA and conform their mobile website to WCAG 2.1 Level A and AA Guidelines.

33. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the https://www.brasstapbeerbar.com mobile website's non-compliance with the ADA. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendants when he visits the mobile website to test for compliance with the ADA. Plaintiff desires to access the mobile website to avail himself of the benefits, advantages, goods and services therein, and/or to assure himself that the mobile website is in compliance with the ADA so that he will have full and equal enjoyment of the mobile website without fear of discrimination.

34. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

35. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendants to alter the https://www.brasstapbeerbar.com mobile website to make it readily accessible to and usable by Plaintiff and other persons with vision impairments.

**WHEREFORE,** Plaintiff James Watson hereby demands judgment against Defendant Craftmade Pembroke, LLC and Defendant Brass Tap Franchisor, LLC and requests the following injunctive and declaratory relief:

a. The Court issue a Declaratory Judgment that the https://www.brasstapbeerbar.com mobile website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. The Court issue a Declaratory Judgment that Defendants have violated the ADA by

        failing to monitor and maintain the https://www.brasstapbeerbar.com mobile website to ensure that it is readily accessible to and usable by persons with vision impairment;

c. The Court issue an Order directing Defendants to alter the mobile website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. The Court issue an Order directing Defendants provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the https://www.brasstapbeerbar.com mobile website for purposes of comprehending Brass Tap Pembroke menu selections, ordering/paying for gift cards online, ordering food for curbside pickup, and during that time period prior to the mobile website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendants to provide an alternative method for individuals with visual impairments to effectively communicate so that disabled individuals are not impeded from obtaining the goods and services made available to the public through the mobile website.

e. The Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

f. The Court enter an Order directing Defendants to continually update and maintain the mobile website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g. The Court award attorney's fees, costs and litigation expenses pursuant to 42

    U.S.C. § 12205; and,

h. The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: July 25, 2022

            Respectfully submitted,

            */s/ J. Courtney Cunningham*
            J. Courtney Cunningham, Esq.
            J. COURTNEY CUNNINGHAM, PLLC
            FBN: 628166
            8950 SW 74th Court, Suite 2201
            Miami, Florida 33156
            T:  305-351-2014
            cc@cunninghampllc.com
            *Counsel for Plaintiff*